IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel Horton, | No. CV-16-03156-PHX-ROS (ESW) |
| Petitioner, | **REPORT AND RECOMMENDATION** |
| v. | |
| Anne Jacobs, et al., | |
| Respondents. | |

**TO THE HON. ROSLYN O. SILVER, SENIOR UNITED STATES DISTRICT JUDGE:**

Pending before the Court is Daniel Horton's ("Petitioner") "Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus" (the "Petition") (Doc. 1). After reviewing the parties' briefing (Docs. 1, 16),[1] the undersigned finds that Petitioner's habeas claims are procedurally defaulted without excuse. It is therefore recommended that the Court dismiss the Petition with prejudice.

## I. BACKGROUND

### A. Convictions

In March 2013, a jury sitting in the Superior Court of Arizona in and for Maricopa

---

[1] Petitioner did not file a Reply to Respondents' Limited Answer (Doc. 16).

County convicted Petitioner on two counts of aggravated assault.  (Bates No. 476-77).[2] The trial court sentenced Petitioner to two concurrent five-year prison terms.  (Bates No. 9-10).   On March 8, 2016, the Arizona Court of Appeals modified Petitioner's convictions to attempted aggravated assault and remanded the case to the trial court for resentencing.[3]  (Bates No. 59-64).  At the June 1, 2016 resentencing hearing, the trial court sentenced Petitioner to two four-year concurrent prison terms.  (Attachment 1).

On July 21, 2016, Petitioner filed a Notice of Post-Conviction Relief ("PCR"). (Bates No. 65-68).  The trial court appointed PCR counsel, who could not find any colorable claims.  (Bates No. 69-71).  Petitioner filed a pro se PCR Petition, which the trial court summarily dismissed on November 8, 2016.   (Bates No. 74-78, 83-84). Petitioner did not petition the Arizona Court of Appeals for review of the trial court's ruling.

Petitioner timely initiated this federal habeas proceeding on September 15, 2016. (Doc. 1).

## II. LEGAL STANDARDS

### A.  Legal Standards Regarding Procedurally Defaulted Habeas Claims

#### 1.  Exhaustion-of-State-Remedies Doctrine

It has been settled for over a century that a "state prisoner must normally exhaust available state remedies before a writ of habeas corpus can be granted by the federal courts."  *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981); *see also Picard v. Connor*, 404 U.S. 270, 275 (1971) ("It has been settled since *Ex parte Royall*, 117 U.S. 241, 6 S. Ct. 734, 29 L.Ed. 868 (1886), that a state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus."). The rationale for the doctrine relates to the policy of federal-state comity.  *Picard*, 404 U.S. at 275 (1971).  The comity policy is designed to give a state the initial opportunity to

---

[2] Citations to the state court record submitted with Respondents' Limited Answer (Doc. 16) refer to the Bates-stamp numbers affixed to the lower right corner of each page of the record.

[3] Respondents incorrectly state that the Arizona Court of Appeals affirmed Petitioner's convictions.  (Doc. 16 at 3).

review and correct alleged federal rights violations of its state prisoners. *Id.* In the U.S. Supreme Court's words, "it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation." *Darr v. Burford*, 339 U.S. 200, 204 (1950).

The exhaustion doctrine is codified at 28 U.S.C. § 2254. That statute provides that a habeas petition may not be granted unless the petitioner has (i) "exhausted" the available state court remedies; (ii) shown that there is an "absence of available State corrective process"; or (iii) shown that "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1).

Case law has clarified that in order to "exhaust" state court remedies, a petitioner's federal claims must have been "fully and fairly presented" in state court. *Woods v. Sinclair*, 764 F.3d 1109, 1129 (9th Cir. 2014). To "fully and fairly present" a federal claim, a petitioner must present both (i) the operative facts and (ii) the federal legal theory on which his or her claim is based. This test turns on whether a petitioner "explicitly alerted" a state court that he or she was making a federal constitutional claim. *Galvan v. Alaska Department of Corrections*, 397 F.3d 1198, 1204-05 (9th Cir. 2005).

"[T]o exhaust one's state court remedies in Arizona, a petitioner must first raise the claim in a direct appeal or collaterally attack his conviction in a petition for post-conviction relief pursuant to Rule 32." *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994). Claims that have been presented to the trial court, but not to the Arizona Court of Appeals are not exhausted. *Castillo v. McFadden*, 399 F.3d 993, 998 n.3 (9th Cir. 2005) (in noncapital cases, "claims of Arizona state prisoners are exhausted for purposes of federal habeas once the Arizona Court of Appeals has ruled on them") (quoting *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999)); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) ("To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court . . . thereby alerting that court to the federal nature of the claim").

## 2. Procedural Default Doctrine

If a claim was presented in state court, and the court expressly invoked a state procedural rule in denying relief, then the claim is procedurally defaulted in a federal habeas proceeding. *See, e.g., Zichko v. Idaho*, 247 F.3d 1015, 1021 (9th Cir. 2001). Even if a claim was not presented in state court, a claim may be procedurally defaulted in a federal habeas proceeding if the claim would now be barred in state court under the state's procedural rules. *See, e.g., Beaty v. Stewart*, 303 F.3d 975, 987 (9th Cir. 2002).

Similar to the rationale of the exhaustion doctrine, the procedural default doctrine is rooted in the general principle that federal courts will not disturb state court judgments based on adequate and independent state grounds. *Dretke v. Haley*, 541 U.S. 386, 392 (2004). A habeas petitioner who has failed to meet the state's procedural requirements for presenting his or her federal claims has deprived the state courts of an opportunity to address those claims in the first instance. *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991).

As alluded to above, a procedural default determination requires a finding that the relevant state procedural rule is an adequate and independent rule. *See id*. at 729-30. An adequate and independent state rule is clear, consistently applied, and well-established at the time of a petitioner's purported default. *Greenway v. Schriro*, 653 F.3d 790, 797-98 (9th Cir. 2011); *see also Calderon v. U.S. Dist. Court (Hayes)*, 103 F.3d 72, 74-75 (9th Cir. 1996). An independent state rule cannot be interwoven with federal law. *See Ake v. Oklahoma*, 470 U.S. 68, 75 (1985). The ultimate burden of proving the adequacy of a state procedural bar is on the state. *Bennett v. Mueller*, 322 F.3d 573, 585-86 (9th Cir. 2003). If the state meets its burden, a petitioner may overcome a procedural default by proving one of two exceptions.

In the first exception, the petitioner must show cause for the default and actual prejudice as a result of the alleged violation of federal law. *Hurles v. Ryan*, 752 F.3d 768, 780 (9th Cir. 2014). To demonstrate "cause," a petitioner must show that some objective factor external to the petitioner impeded his or her efforts to comply with the

state's procedural rules. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986); *Robinson v. Ignacio*, 360 F.3d 1044, 1052 (9th Cir. 2004). To demonstrate "prejudice," the petitioner must show that the alleged constitutional violation "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982); *see also Carrier*, 477 U.S. at 494 ("Such a showing of pervasive actual prejudice can hardly be thought to constitute anything other than a showing that the prisoner was denied 'fundamental fairness' at trial.").

In the second exception, a petitioner must show that the failure to consider the federal claim will result in a fundamental miscarriage of justice. *Hurles*, 752 F.3d at 780. This exception is rare and only applied in extraordinary cases. *Schlup v. Delo*, 513 U.S. 298, 321 (1995). The exception occurs where a "constitutional violation has probably resulted in the conviction of one who is actually innocent of the offense that is the subject of the barred claim." *Id.* at 327.

### III. DISCUSSION

**A. Both of Petitioner's Grounds for Habeas Relief are Procedurally Defaulted**

As detailed in the Court's November 17, 2016 Order, Petitioner presents two grounds for habeas relief:

> (1) Petitioner's Fourth Amendment rights were violated when police illegally searched his home; and

> (2) Petitioner's Sixth Amendment rights were violated because the jury was not impartial, Petitioner's counsel did not present testimony, and the trial court did not allow time for Petitioner's rights "to be upheld."

(Doc. 5 at 2). Petitioner did not present these claims in his direct appeal. (Bates No. 14-28). Even if the Court found that Petitioner presented the claims in his PCR petition filed in the trial court (Bates No. 74-78), it is undisputed that Petitioner did not petition the Arizona Court of Appeals for review of the trial court's decision dismissing the PCR proceeding. Grounds One and Two are therefore unexhausted. *Castillo*, 399 F.3d at 998 n.3. Further, Petitioner's claims are procedurally defaulted because, under adequate

and independent Arizona state procedural rules, it would be futile to return to state court to exhaust them.[4]  *See Beaty*, 303 F.3d at 987 (a claim is procedurally defaulted "if the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the requirement would now find the claims procedurally barred") (quoting *Coleman*, 501 U.S. at 735 n.1)); Ariz. R. Crim. P. 32.9 (petition for review must be filed within 30 days of trial court's decision); Ariz. R. Crim. P. 32.1, 32.2(a) and (b) (relief is barred on any claim that could have been raised on appeal or in a prior Rule 32 petition for post-conviction relief); Ariz. R. Crim. P. 32.4(a) ("In a Rule 32 of-right proceeding, the notice must be filed within ninety days after the entry of judgment and sentence or within thirty days after the issuance of the final order or mandate by the appellate court in the petitioner's first petition for post-conviction relief proceeding.").

### B.  Petitioner's Procedural Defaults are Not Excused

The merits of a habeas petitioner's procedurally defaulted claims are to be reviewed if the petitioner (i) shows cause for the default and actual prejudice as a result of the alleged violation of federal law or (ii) shows that the failure to consider the federal claim will result in a fundamental miscarriage of justice.  *McKinney v. Ryan*, 730 F.3d 903, 913 (9th Cir. 2013).

In order to establish cause for a procedurally defaulted claim, "a petitioner must demonstrate that the default is due to an external objective factor that cannot fairly be attributed to him."  *Smith v. Baldwin*, 510 F.3d 1127, 1146 (9th Cir. 2007) (internal quotation marks and citation omitted).  Petitioner does not assert that there is cause to excuse his procedural defaults.  Under Ninth Circuit case law, Petitioner's status as an inmate with limited legal resources cannot constitute cause.  *See Hughes v. Idaho State Bd. of Corr.*, 800 F.2d 905, 909 (9th Cir. 1986) (an illiterate pro se petitioner's lack of

---

[4]  This type of procedural default is often referred to as "technical" exhaustion because although the claim was not actually exhausted in state court, Petitioner no longer has an available state remedy.  *Coleman*, 501 U.S. at 732 ("A habeas petitioner who has defaulted his federal claims in state court meets the technical requirements for exhaustion; there are no remedies any longer 'available' to him.").

legal assistance did not amount to cause to excuse a procedural default); *Tacho v. Martinez*, 862 F.2d 1376, 1381 (9th Cir. 1988) (petitioner's arguments concerning his mental health and reliance upon jailhouse lawyers did not constitute cause). The undersigned finds that Petitioner has failed to show cause for his procedural defaults. Where a petitioner fails to establish cause, the Court need not consider whether the petitioner has shown actual prejudice resulting from the alleged constitutional violations. *Smith v. Murray*, 477 U.S. 527, 533 (1986). Accordingly, the undersigned finds that Petitioner has not satisfied the "cause and prejudice" exception to excuse his procedural defaults.

To satisfy the fundamental miscarriage of justice exception, Petitioner must show that "a constitutional violation has resulted in the conviction of one who is actually innocent." *Schlup*, 513 U.S. at 327. Petitioner states in the Petition: "Did not present my testimony [sic] or my witness. Could not be found guilty beyond reasonable doubt any testimony [sic] + witness would have found me innocent." (Doc. 1 at 7). To the extent Petitioner argues that the miscarriage of justice exception should be applied to excuse his procedural defaults, Petitioner does not proffer any new evidence to support actual innocence. *See Schlup*, 513 U.S. at 324 ("To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence– whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence."). The undersigned does not find that the record and pleadings in this case contain "evidence of innocence so strong that [the Court] cannot have confidence in the outcome of the trial." *Id.* at 316. Accordingly, the undersigned does not find that the miscarriage of justice exception applies to excuse Petitioner's procedural defaults.

## IV. CONCLUSION

Based on the foregoing,

**IT IS RECOMMENDED** that the Petition (Doc. 1) be **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that a certificate of appealability and leave

to proceed in forma pauperis on appeal be denied because dismissal of the Petition is justified by a plain procedural bar.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. Failure to file timely objections to any factual determinations of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

Dated this 23rd day of February, 2018.

_____
Eileen S. Willett
United States Magistrate Judge

# ATTACHMENT 1

Michael K. Jeanes, Clerk of Court
*** Filed ***
06/08/2016 8:00 AM

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CR2012-154853-001 DT                                          06/01/2016

                                                    CLERK OF THE COURT
HON. SAM J. MYERS                                        E. Gonzales
                                                           Deputy

STATE OF ARIZONA                              DENISE O'ROURKE

v.

DANIEL HORTON (001)                           CHRISTOPHER STAVRIS
DOB: January 5, 1955

                                              APO-SENTENCE IMPRISON-CCC
                                              APPEALS-CCC
                                              AZ DOC
                                              DISPOSITION CLERK-CSC

RESENTENCING
SENTENCE OF IMPRISONMENT

10:53 a.m.

Courtroom SCT 5A

State's Attorney:         Denise O'Rourke
Defendant's Attorney:     Christopher Stavris
Defendant:                Present

Court Reporter, Laurie Yazwa, is present.

A record of the proceedings is also made digitally.

THE COURT NOTES that it have received and reviewed the Court of Appeals' Mandate and Order, filed April 26, 2016.

Docket Code 571                    Form R571                         Page 1

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CR2012-154853-001 DT                                   06/01/2016


Counsel for the State advises that the State has made every effort to contact the victims in this case, but have not been able to locate the victims.

IT IS ORDERED vacating the Sentence of July 8, 2014 pursuant to the Court of Appeals' decision.

IT IS THE JUDGMENT of the Court Defendant is guilty of the following:

OFFENSE: Count 1 Attempted Aggravate Assault
Class 4 Felony
A.R.S. § 13-1203, 1204, 3105, 701, 702, 801 and 1001
Date of Offense: October 19, 2012
Dangerous pursuant to A.R.S. § 13-704 - Non Repetitive

OFFENSE: Count 2 Attempted Aggravated Assault
Class 4 Felony
A.R.S. § 13-1203, 1204, 3105, 701, 702, 801 and 1001
Date of Offense: October 19, 2012
Dangerous pursuant to A.R.S. § 13-704 - Non Repetitive

AS PUNISHMENT, IT IS ORDERED Defendant is sentenced to a term of imprisonment and is committed to the Arizona Department of Corrections as follows:

Count 1:  4 year(s) from June 1, 2016
Presentence Incarceration Credit: 908 day(s)

Minimum
Sentence is concurrent with Count 2.

Count 2:  4 year(s) from June 1, 2016
Presentence Incarceration Credit: 908 day(s)

Minimum
Sentence is concurrent with Count 1.

Community Supervision:  Count 1 and 2 - Imposed pursuant to A.R.S. § 13-603(I).

IT IS ORDERED authorizing the Sheriff of Maricopa County to deliver the Defendant to the Arizona Department of Corrections to carry out the term of imprisonment set forth herein.

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CR2012-154853-001 DT                                          06/01/2016


IT IS ORDERED the Clerk of the Superior Court remit to the Arizona Department of Corrections a copy of this Order or the Order of Confinement together with all presentence reports, probation violation reports, and medical and psychological reports that are not sealed in this cause relating to the Defendant.

11:05 a.m.  Matter concludes.

IT IS ORDERED that defense counsel shall preserve defendant's file for post-conviction relief purposes.  If defense counsel receives notice that defendant is seeking post-conviction relief, counsel shall prepare the file for delivery to PCR counsel and shall make timely arrangements for the exchange thereof when notified.  Further, upon exchange of the file, defense counsel shall file with the court a Notice of Compliance that shall, at a minimum, include date of compliance, recipient of the file, and an itemization of contents of the file.  A copy of the Notice shall be provided to PCR counsel, the State and the PCR Unit.

ISSUED:  Order of Confinement - Certified Copy to DOC via MCSO

Docket Code 571                     Form R571                          Page 3

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CR2012-154853-001 DT                                    06/01/2016


        Defendant's right index fingerprint is permanently affixed to this sentencing order in open
court.



                        /s/  HON. SAM J. MYERS
                        JUDGE OF THE SUPERIOR COURT


(right index fingerprint)